10-60861.rr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60861-CIV-MARTINEZ/BROWN

CYNTHIA BROWN,

    Plaintiff,

vs.

JOHN E. POTTER, POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE
SOUTHEAST AREA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause is before the Court upon an Order of Reference dated May 25, 2010 on the Complaint filed by pro se Plaintiff Cynthia Brown ("Plaintiff"), who is appearing in this proceeding in forma pauperis. This Court has sua sponte reviewed Plaintiff's Complaint under 28 U.S.C. §1915(e)(2) and recommends dismissal of the Complaint.

### Facts

Plaintiff sues Defendant John E. Potter, Postmaster General of the United States Postal Service and states as follows:

> This action is filed under: Discrimination based on race as an employee with the United States Postal Service. The U.S. Equal Employment Opportunity Commission Law forbids discrimination when it comes to any aspect of employment including hiring, layoffs, training, fringe benefits, and other terms or conditions of employment.
>
> As a resolution I want/request reasonable accommodations in this matter.
>
> Wherefore, I ask the Court to grant me one million dollars $1,000,000 for undue stress, mental anguish, failure to provide reasonable accomodations [sic] thus

1

creating a hostile work environment in addition to adding to my current health issues.

Cmpl. pp. 1-3

## Discussion

With respect to proceedings brought in forma pauperis, 28 U.S.C. §1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (B) the action or appeal –
>     (I)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998). In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Furthermore, "[a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989). When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the

cause of action, dismissal of the complaint is appropriate. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

The Court finds that Plaintiff's complaint is conclusory and fails to provide sufficient notice to the Defendant as to the nature of the claim(s). Plaintiff fails to state in what manner she was discriminated against based on her race (i.e, whether it was in terms of hiring, training, fringe benefits, and/or other terms or conditions of employment). She further fails to state any facts which show that she was entitled to "reasonable accommodations" or to describe the manner in which she was exposed to a "hostile work environment."

### Recommendation

Based on the foregoing, this Court respectfully recommends that this action be **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2).

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 2d day of June 2010 at Miami, Florida.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Hon. Jose E. Martinez
pro se parties and counsel of record